**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SCOTT MARTIN,

Plaintiff,

v. CASE NO.: 3:20-cv-10

ADSYNC TECHNOLOGIES, INC.,

Defendant.
_______________________________________/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and N.D. Fla. Loc. R. 7.2, Defendant ADSYNC TECHNOLOGIES, INC., ("Adsync"), files this Notice of Removal and effectively removes the action entitled "Scott Martin v. Adsync Technologies, Inc.," in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, Civil Action No. 2019 CA 001907, Division J (the "State Court Action") to the United States District Court for the Northern District of Florida, Pensacola Division. As grounds for removal, Defendant states the following:

**Commencement of Case and Timeliness of Removal**

1. Plaintiff, SCOTT MARTIN ("Martin"), commenced the State Court Action by filing a complaint on November 21, 2019 ("Complaint"), naming Adsync Technologies, Inc., as the sole defendant. In this Complaint, Martin alleges a claim against Defendant under the Fair Labor Standards Act ("FLSA").

2.      On December 5, 2019, Martin served the Complaint and respective summons on the Defendant.  Pursuant to 28 U.S.C. § 1446, Defendant is timely filing this Notice of Removal, as this Notice is filed within 30 days of the service of the Complaint and summons.

3.      The State Court Action is pending in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida.  The Pensacola Division of the United States District Court for the Northern District of Florida encompasses Escambia County, Florida.

**Statement of Jurisdiction and Compliance with Procedural Requirements**

4.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5.      In Count I of the Complaint, Martin alleges a claim for violation of 29 U.S.C. § 207 for overtime compensation under the FLSA.  Accordingly, this Court has original jurisdiction over this claim based on the federal question pursuant to 28 U.S.C. § 1331.

6.      Considering the foregoing, this case is properly removable under 28 U.S.C. § 1441(a).

**Compliance with Procedural Requirements**

7. Pursuant to 28 U.S.C. § 1446(a), Defendant includes with this filing a completed civil cover sheet. Defendant also attaches to this Notice of Removal a clear and legible copy of all process, pleadings, records and orders for the State Court Action. *See* Exhibit A, State Court Action, Escambia County, Florida Civil Action No. 2019 CA 001907, Division J.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on Martin and promptly filed with the Clerk of the Circuit Court of Escambia County, Florida.

9. No admission of fact, law, or liability is intended by this Notice of Removal, all defenses, motions, and pleadings are expressly reserved.

WHEREFORE, Defendant is entitled to have the State Court Action removed from the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division, which district and division embraces the place where the State Court Action is proceeding.

Dated this 3rd day of January, 2020.

CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX LLC

By: */s/Robert S. Rushing*
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
morock@carverdarden.com
Attorney for Defendant,
ADSYNC TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court and furnished via CM/ECF this 3rd day of January, 2020 to the following:

Robert Pecchio
Richard Celler Legal, P.A.
10368 West State Rd 84, Ste 230
Davie, FL 33324
robert@floridaovertimelawyer.com
noah@floridaovertimelawyer.com

CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX LLC

By: */s/Robert S. Rushing*
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
Attorney for Defendant,
ADSYNC TECHNOLOGIES, INC.

Filing # 99256673 E-Filed 11/21/2019 01:29:51 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR ESCAMBIA COUNTY, FLORIDA

Case No.:________________
Judge: ________________

SCOTT MARTIN
Plaintiff
vs.
ADSYNC TECHNOLOGIES INC
Defendant

---

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000
  - ☐ Other real property actions $50,001 - $249,999
  - ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III. REMEDIES SOUGHT** (check all that apply):

- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (  )**
(Specify)

1

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**

- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Noah E. Storch FL Bar No.: 85476
Attorney or party (Bar number, if attorney)

Noah E. Storch 11/21/2019
(Type or print name) Date

Filing # 99256673 E-Filed 11/21/2019 01:29:51 PM

**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

SCOTT MARTIN,

CASE NO.:

Plaintiff,

v.

ADSYNC TECHNOLOGIES, INC.,
a Florida Profit Corporation,

Defendant.
_______________________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, SCOTT MARTIN ("Plaintiff" or "Mr. Martin"), by and through undersigned counsel, files this Complaint against Defendant, ADSYNC TECHNOLOGIES, INC. ("Defendant" or "Adsync Technologies"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff was a non-exempt employee who primarily performed manual labor for Defendant.

3. Defendant is a Florida Profit Corporation located in Escambia County, Florida, and who, at all times relevant, performed work in Escambia County, Florida.

4. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out under federal law, and occurred in Escambia County, Florida.

5. Plaintiff is seeking in excess of $15,000.00, exclusive of attorneys' fees and costs.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as air traffic control simulators.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without manual labor employees like Plaintiff.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a non-exempt employee from April 16, 2018, through September 27, 2019.

13. Throughout Plaintiff's employment Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

14. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

15. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for **all hours** that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

16. Defendant violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

    (b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

17. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

18. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

19. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

20. Based on the allegations in Paragraphs 17-19 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

21. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

22. Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

23. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

25. Plaintiff was not an exempt employee as defined by the FLSA.

26. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 21th day of November 2019.

Respectfully Submitted,

**By: /s/ *ROBERT PECCHIO***
Robert Pecchio, Esq.
Florida Bar No. 1005955
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 230
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: robert@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com
*Attorney for Plaintiff*

Serv #586
10:20 AM
12/5/19

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**SCOTT MARTIN**

PLAINTIFF,

Vs.

CASE NO: **2019 CA 001907**

DIVISION: **J**

**ADSYNC TECHNOLOGIES INC**

DEFENDANT,

**SUMMONS**

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **ADSYNC TECHNOLOGIES INC C/O JANE E. ADKINSON R.A. 201 SOUTH F STREET PENSACOLA, FL 32502**

Each defendant is hereby required to serve written defenses to said complaint on plaintiff's attorney(s), whose address is

**ROBERT PECCHIO**
**10368 WEST STATE RD 84 STE 230**
**DAVIE, FL 33324**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **21st day of November, 2019**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: [signature]

Deputy Clerk

CLERK OF THE CIRCUIT COURT ESCAMBIA COUNTY FLORIDA

* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

Filing # 100751355 E-Filed 12/23/2019 05:13:00 PM

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

SCOTT MARTIN,

Plaintiff,

v. CASE NO.: 2019 CA 001907

ADSYNC TECHNOLOGIES, INC.,

Defendant.

_________________________________/

**DESIGNATION OF E-MAIL ADDRESSES**

COMES NOW, Robert S. Rushing and Travis M. Morock of the law firm of Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, LLC, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and hereby designates the following primary and secondary email addresses for email service in the above-referenced case:

Robert S. Rushing
Primary email address: rushing@carverdarden.com
Secondary email addresses: juszczyk@carverdarden.com

Travis M. Morock
Primary email address: morock@carverdarden.com
Secondary email addresses: juszczyk@carverdarden.com

Dated this 3rd day of December 2019.

CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX LLC

By: ______________________________
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
Travis M. Morock, Esquire
Florida Bar No.: 00118823
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
morock@carverdarden.com
Attorney for Defendant,
ADSYNC TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following via U.S. Mail and/or email service this 23rd day of December, 2019 to the following:

Robert Pecchio
Richard Celler Legal, P.A.
10368 West State Rd 84, Ste 230
Davie, FL 33324
robert@floridaovertimelawyer.com
noah@floridaovertimelawyer.com

CARVER, DARDEN, KORETZKY, TESSIER, FINN,
BLOSSMAN & AREAUX LLC

By: ______________________________
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
Travis M. Morock, Esquire
Florida Bar No.: 00118823
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
morock@carverdarden.com
Attorney for Defendant,
ADSYNC TECHNOLOGIES, INC.

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

SCOTT MARTIN,

Plaintiff,

v. CASE NO.: 2019 CA 001907

ADSYNC TECHNOLOGIES, INC.,

Defendant.
_________________________________/

**MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT**

Undersigned counsel for Defendant, ADSYNC TECHONOLOGIES, INC. ("Defendant"), respectfully requests the Court to grant an extension of time to file a response to the Complaint herein, and as good cause therefore would show that the matters at issue involve the Fair Labor Standards Act ("FLSA"). Accordingly, this matter requires Defendant and undersigned counsel to conduct an extensive analysis of the allegations of the Complaint and other facts as necessary before an adequate response can be made. Moreover, the current deadline for a response is December 26, 2019, which is during the middle of the Holiday Season.

WHEREFORE, Defendant, ADSYNC TECHNOLOGIES, INC., respectfully requests the Court to grant an additional fifteen (15) days of time or through and including January 10, 2020, in which to respond to the Complaint.

Dated this 26th day of December 2019.

CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX LLC

By: */s/Robert S. Rushing*
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
Travis M. Morock, Esquire
Florida Bar No.: 00118823
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
morock@carverdarden.com
Attorney for Defendant,
ADSYNC TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following via U.S. Mail and/or email service this 26th day of December, 2019 to the following:

Robert Pecchio
Richard Celler Legal, P.A.
10368 West State Rd 84, Ste 230
Davie, FL 33324
robert@floridaovertimelawyer.com
noah@floridaovertimelawyer.com

CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX LLC

By: */s/Robert S. Rushing*

Robert S. Rushing, Esquire
Florida Bar No.: 0013946
Travis M. Morock, Esquire
Florida Bar No.: 00118823
801 West Romana Street, Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
morock@carverdarden.com
Attorney for Defendant,
ADSYNC TECHNOLOGIES, INC.